PRATT
*vs.*
FLOWER
& AL.

Confession
cannot be divi-
ded. Where the
evidence leaves
the fact doubt-
ful, court
will not disturb
a verdict of two
juries.

*PRATT* vs. *FLOWER & AL.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court.

The plaintiff, surviving partner of the firm of Pratt & Payson, merchants, formerly residing at Louisville, Kentucky, claims of the defendants the sum of three thousand and ninety-five dollars, 39 cents, the balance of an account, for goods, wares and merchandize sold, and delivered to them; and money paid and expended at their special instance and request.

The defendants plead—the general issue; and claim a sum by a plea of re-convention, which they state the plaintiff owes them, of six thousand thirty-five dollars and eleven cents.

The cause has been twice tried, in the court of the first instance; and on each trial, the jury found a verdict for the plaintiff, of $1,483 22 cents.

When the cause was before us, on the first appeal, no enquiry was made by this court in relation to the merits. Our attention was arrested by an exception of the defendants' to an opinion of the judge *a quo*, rejecting the testimony of one Shreeves, offered by them as a witness; and being of opinion there was error

in rejecting him, we remanded the case for a new trial.

East'n. District.
*March* 1825.

PRATT
*vs.*
FLOWER
& AL.

The ground of objection set forth in the bill of exceptions, was that of interest, and on the appeal another point was made, as a ground of excluding his testimony—namely, that he was testifying to the contents of a written instrument, which was not produced, nor its non-production accounted for. The first cause we thought unsound, as the witness stood in a situation which was an exception to the general rule. The second, we refused to notice; because it had not been taken in the court of the first instance. On the last trial the plaintiff renewed it; and the judge being of opinion that it was not sufficient to exclude the witness, admitted him to testify; to this opinion the plaintiff excepted.

Of the soundness of the general principle on which the objection was made, there cannot be a doubt; and there is scarcely any of which we are called to make a more frequent application in the administration of justice. The only question, therefore, in this case, can be, whether there was sufficient evidence before the court, to enable it to say, that the matters to which the parol testimony was offered, had

PRATT
*vs.*
FOWLER
& AL.

been reduced to writing, To establish this fact, the plaintiff contends, that it appears from his own letters introduced in evidence against him by the defendants, a written receipt had been given to the witness at the time the payment of the money was made. In opposition to this, the defendants urge, that this statement made by the firm, of which the plaintiff is surviving partner, cannot be evidence for them or their representative; and that at all events it is not sufficiently strong to destroy the testimony of a disinterested witness.

Whether it should have that weight or not, is a question which could be only settled after the testimony was received, and therefore cannot assist us in determining whether it ought to be admitted. The legality is one thing, the effect another; and the latter is necessarily dependent on, and a consequence of the former.

It is a general principle of the law of evidence, that where either party in a suit rely on the admissions or confessions of his adversary, in order to make out a case against him; the whole of these admissions must be taken together. It is also the well established doctrine of the civil law, and its justice is most obvious. It is, however, true, that though the whole

East'n, District.
*March* 1825.

PRATT
*vs.*
FLOWER
& AL.

must be taken together, it does not follow the whole must be believed; for there may be coupled with the admission of a fact, matters so extraordinary in discharge of the obligation which it establishes, that no credulity can adopt it. Giving the defendant the full benefit of this exception to the rule, we are unable to find any thing in the evidence independent of the testimony of the witness objected to, which would authorise us to say, the proof afforded by the confessions of the plaintiff, in relation to a written receipt having been given to the agent at the time he made the payment, is untrue. It derives great probability, too, from its being in conformity with the usual mode of doing business. Men rarely make payments on account of third parties, without taking written acknowledgments of the transaction. We think, therefore, the defendants, after offering proof that a written receipt had been given, could not introduce parol evidence in regard to the payment, without accounting for the receipt.

But notwithstanding the court below permitted the testimony to go to the jury, a verdict was found for the plaintiff, and this compels us to an examination of the case on its merits.

East'n. District.
*March* 1825.

PRATT
*vs.*
FLOWER
& AL.

Several items of the plaintiff's account have been the object of discussion at the bar. We deem it unnecessary to comment on them particularly; for taking the whole account together, we are unable to say, from the evidence before us, that an incorrect conclusion has been drawn by the jury. We shall therefore proceed to the principal, indeed, in our view, the only difficulty which the case presents.

In the account of the defendants, filed with their supplementary answer, they charge the plaintiff with a sum of $2495 87, the amount of a note, delivered by captain Shreeve to the house of Pratt & Payson, on account of the appellants.

The plaintiff insists this note was received, not on account of the defendants, but on that of Finlay & Vanlear, of Baltimore.

The evidence on this point, is very unsatisfactory. On the part of the appellee, reliance is placed on the letters introduced in evidence by the defendants, by which they were informed that this note was not paid on their account, and on the testimony of Chamberlain, who swears that one of the defendants, when the account was presented to him, made objection only to some of the minor items, and refused to

settle, without they were deducted. That on a second application, he stated that if suit were brought, he would endeavor to set off the amount of a bill or note, placed to the credit of Finlay & Vanlear, of Baltimore, and which he thought ought to have been placed to the credit of the defendants.

East'n. District.
*March* 1825.

PRATT
*vs.*
FLOWER & AL.

Against this proof, the defendants insist, that the obligation was delivered on their account; but that if it were not, the plaintiff's house are still responsible, because they were appointed consignees of the boats, and violated their duty in permitting the captain to collect the freights and pay them, on other account, than that of the defendants, who were the consignors. On this point, too, the evidence is by no means clear. And as we have strong doubts on the merits generally, and they depend on matters of fact, we do not feel ourselves at liberty to disturb a verdict which has been established by two juries.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Livermore* for the plaintiff, *Christy* for the defendants.